IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

RUTH RICHTER,

    Plaintiff,

vs.

JOAN CAMPBELL,

    Defendant.

8:19CV114

MEMORANDUM AND ORDER

Plaintiff filed her Complaint on March 20, 2019. (Filing No. 1.) She has been given leave to proceed in forma pauperis. (Filing No. 5.) The court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff brings this action against Defendant Joan Campbell alleging Defendant has failed to distribute the proceeds and interest earned from two "T-note accounts" that were established by Plaintiff's father and funded by Plaintiff's SSI disability benefits awarded between 1984 and 1990. (Filing No. 1.) Plaintiff's father managed the T-note accounts until his death in 1996, at which time "Defendant was given the T-note investment funded by Plaintiff's earlier SSI checks." (Id. at CM/ECF p. 1.)

Plaintiff alleges that, on or about October 31, 2007, Defendant, through her lawyer, agreed to pay Plaintiff interest in the amount of $4,407.72 if Plaintiff "agreed to end the matter." (Id. at CM/ECF p. 3.) Plaintiff agreed to the proposed settlement but "heard nothing further from lawyer or Defendant and no check from Defendant." (Id.) As relief, "Plaintiff seeks the amount Defendant proposed in 2007 and additional damages from 2007 onward to present." (Id.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569–70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## III. DISCUSSION OF CLAIMS

In evaluating Plaintiff's claims, the court must determine whether subject-matter jurisdiction is proper. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Furthermore, a plaintiff must sufficiently state a claim for relief that

contains, "a short and plain statement of the grounds for the court's jurisdiction, unless the court has jurisdiction and the claim needs no new jurisdictional support." Fed. R. Civ. P. 8(a)(1). Liberally construed, Plaintiff's Complaint alleges breach of contract claims. However, as discussed below, the Complaint's allegations fail to establish that jurisdiction is proper.

## A. Federal Question Jurisdiction

Subject-matter jurisdiction is proper where a plaintiff asserts "[a] non-frivolous claim of a right or remedy under a federal statute," commonly referred to as "federal question" jurisdiction. *Northwest South Dakota Prod. Credit Ass'n v. Smith*, 784 F.2d 323, 325 (8th Cir. 1986). The mere suggestion of a federal question is not sufficient to establish the jurisdiction of federal courts, rather, the federal court's jurisdiction must affirmatively appear clearly and distinctly. *Bilal v. Kaplan*, 904 F.2d 14, 15 (8th Cir. 1990). Under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the deprivation of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Courts have held that a private party's actions can be considered state action, or actions under color of state law, if the private party is a willful participant in joint activity with the State to deny constitutional rights. *See Magee v. Tr. of Hamline Univ, Minn.*, 747 F.3d 532, 536 (8th Cir. 2014).

Here, Plaintiff does not allege any violation of her constitutional rights, and the Complaint lacks any indication that Defendant is a state actor. Moreover, even construing the Complaint liberally, it simply does not contain allegations reasonably suggesting Defendant violated a federal statute. Accordingly, Plaintiff's allegations do not establish that federal question jurisdiction exists in this matter.

## B. Diversity of Citizenship Jurisdiction

Subject-matter jurisdiction may be proper in federal court pursuant to 28 U.S.C. § 1332, commonly referred to as "diversity of citizenship" jurisdiction. For purposes of 28 U.S.C. § 1332, "diversity of citizenship" means that "the citizenship of each plaintiff is different from the citizenship of each defendant." *Ryan v. Schneider Nat'l Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001) (citation omitted). In addition, the amount in controversy must be greater than $75,000.00 for diversity of citizenship jurisdiction. 28 U.S.C. § 1332(a).

Plaintiff lists a Nebraska address for herself and a Colorado address for Defendant. (Filing No. 1 at CM/ECF p. 3.) Thus, the Complaint states Plaintiff's and Defendant's residence, but not their citizenship. Residence does not equate with citizenship. *Janzen v. Goos*, 302 F.2d 421, 424 (8th Cir. 1962). Even if the court assumes Plaintiff and Defendant are citizens of Nebraska and Colorado, respectively, Plaintiff did not allege an amount in controversy exceeding $75,000 and, even if she had, the court would question whether such an amount is legitimate.

Where a complaint "alleges a sufficient amount in controversy to establish diversity jurisdiction, but . . . the court questions whether the amount alleged is legitimate, the party invoking federal jurisdiction must prove the requisite amount by a preponderance of the evidence." *Trimble v. Asarco, Inc.*, 232 F.3d 946, 959 (8th Cir. 2000) (quotation omitted) (abrogated on other grounds by *Exxon Mobil Corp. V. Allapattah Servs., Inc.*, 545 U.S. 546 (2005)). In addition, "[n]o presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of the jurisdictional claims." *Id.* (quotation omitted).

Plaintiff fails to state any facts or legal theories alleging why Defendant should be liable to her for an amount exceeding $75,000. Plaintiff merely alleges that Defendant failed to honor the alleged settlement agreement for $4,407.72 and

"has kept that investment which does of course earn interest—a lot of interest over the years[—] and yet Plaintiff has seen not a dime from Defendant." (Filing No. 1 at CM/ECF pp. 1, 3.) As it stands, the allegations presented are insufficient to establish that Plaintiff's claims meet an amount in controversy exceeding $75,000. Thus, Plaintiff has failed to demonstrate that subject-matter jurisdiction is proper pursuant to 28 U.S.C. § 1332.

Even if Plaintiff could correct these defects in an amended complaint, it appears from the face of the Complaint that Plaintiff's claims are barred by the relevant statute of limitations. *See* Neb. Rev. Stat. § 25-205 ("[A]n action upon a specialty, or any agreement, contract, or promise in writing, or foreign judgment, can only be brought within five years."); Neb. Rev. Stat. § 25-206 ("An action upon a contract, not in writing, expressed or implied, . . . can only be brought within four years."). Plaintiff alleges Defendant gained control over the T-note investment accounts in 1996, after the death of Plaintiff's father, and that Defendant breached the alleged settlement agreement on or about October 31, 2007. Thus, it appears that Plaintiff's breach of contract claim accrued, at the latest, in 2007 and Plaintiff had until late 2012 to file an action. See *Snyder v. Case*, 611 N.W.2d 409, 415 (Neb. 2000) ("A cause of action in contract accrues at the time of the breach or failure to do the thing agreed to."). Accordingly, the court will not give Plaintiff an opportunity to amend her Complaint in this matter because the court concludes that amendment would be futile.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Complaint (filing no. 1) is dismissed with prejudice for lack of subject matter jurisdiction.

2. The court will enter judgment by a separate document.

3. Plaintiff's pending Motion to Reassign Case to Normal Court Docket (filing no. 6) is denied as moot.

Dated this 13th day of August, 2019.

                        BY THE COURT:

                        s/ *Richard G. Kopf*
                        Senior United States District Judge